## CIRCUIT COURT OF ARLINGTON COUNTY

Gelles & Sons,
Builders

v.

Rosalind Matherne

November 30, 1990

Case No. (Chancery) 90-649

By JUDGE THOMAS R. MONROE

This matter came on to be heard on October 12, 1990, upon plaintiff's challenge to an arbitration award.

The parties entered into a contract on May 3, 1989, for Gelles & Sons, Builders, plaintiff, to perform home improvements and to add an addition to the home of Rosalind Matherne, defendant. The contract contained an arbitration clause. Plaintiff began to perform work per the contract, but a dispute arose between the parties, and defendant filed an arbitration claim for breach of contract. Thereafter, defendant gained permission from the arbitrator to amend her claim to allege fraud and seek punitive damages.

The arbitrator awarded defendant $19,400.00 as compensatory damages and $4,500.00 as punitive damages. Plaintiff challenges the award claiming it was not within the authority of the arbitrator to consider fraud claims or to award punitive damages.

This court affirms the arbitrator's award of compensatory damages to Rosalind Matherne in the amount of $19,400.00 as within the power of the arbitrator and in accordance with law.

This court vacates the arbitrator's award of $4,500.00 in punitive damages. Under the Virginia Code § 8.01-581.10, an arbitration clause in a contract is valid, except "upon such grounds as exist at law or equity for the revocation

of any contract." Here, fraud is alleged as the basis for an award of punitive damages, and this Court is satisfied that fraud is a ground for revoking the contract, and therefore, the arbitration clause in the parties' contract is not enforceable as to the fraud claim. Furthermore, because by their nature punitive damages serve as a tool for punishment and deterrence, it is in this Court's opinion that it is not within the arbitrator's authority to award punitive damages. In Virginia, to date, that power is reserved to the courts.

The arbitration award is affirmed as to compensatory damages and vacated as to punitive damages.